UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMBER TRIPLETT,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:17-cv-618
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA") (Doc. 18), the Commissioner's responses in opposition (Docs. 20, 23), plaintiff's reply memorandum (Doc. 24), and the Commissioner's reply memorandum (Doc. 26).

**I. Procedural Background**

In July 2009, plaintiff filed her application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). (Doc. 2 at PAGEID 5). The application was denied initially and upon reconsideration. (*Id*. at PAGEID 5-6)  Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). (*Id*. at PAGEID 6). On September 2, 2010, the ALJ issued a decision granting plaintiff's DIB application and finding plaintiff was disabled under the Social Security Act. (*Id*.).

In March 2016, plaintiff was notified by the Social Security Administration ("SSA") that the Commissioner was going to redetermine plaintiff's entitlement to benefits award and "a new [ALJ] would be disregarding certain allegedly fraudulent evidence presented and received into the record without objection in the prior decision." (*Id*.; *see also* Doc. 18 at PAGEID 929; Doc. 20 at PAGEID 965, 969).  Plaintiff was one of thousands of claimants represented by Attorney Eric Conn, who used fraudulent means to obtain benefits for his clients. (Doc. 20 at PAGEID

968; *see also* Doc. 18 at PAGEID 929). The Sixth Circuit Court of Appeals summarized this allegedly "fraudulent evidence" as follows:

> Throughout the 2000s and early 2010s, attorney Eric Conn obtained social security benefits for his clients by "submitting fraudulent reports to the Social Security Administration" and bribing an Administrative Law Judge. *Hicks* [*v. Comm'r of Soc. Sec.*], 909 F.3d [786,] 791-92 [6th Cir. 2018]. After the government discovered this fraud, the SSA decided to redetermine whether each of Conn's clients (over 1,500 claimants) were actually eligible for disability benefits. *Id*. at 794. The SSA held hearings for each of the claimants and allowed them to submit evidence that they were entitled to benefits. *Id*. at 795. However, the SSA categorically excluded medical reports created by the four doctors with whom Conn had conspired because it had "reason to believe" fraud was involved in the creation of the reports. *Id*. at 794-95 (citing 42 U.S.C. § 1383(e)(7)(A)(ii)). The claimants were not given the opportunity to challenge the factual finding that there was reason to believe that fraud was involved in the creation of the medical reports. *Id*. After individual hearings before administrative law judges, plaintiffs' claims for disability benefits were denied. *Id*. at 795.

*Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 561 (6th Cir. 2021).

Consistent with the above, the ALJ redetermined plaintiff's benefit eligibility and disregarded evidence related to the alleged fraud. (*Id*.; *see also* Doc. 2 at PAGEID 6-7; Doc. 20 at PAGEID 965, 969). The ALJ found there was insufficient evidence to support the earlier finding of disability and therefore terminated plaintiff's benefits. (Doc. 2 at PAGEID 7). This decision became the final decision of the Commissioner when the Appeals Council denied review on August 1, 2017. (*Id*.). Plaintiff thereafter initiated the instant lawsuit alleging that the Commissioner's redetermination of plaintiff's benefits violated provisions of the Social Security Act and accompanying regulations, her right to due process, and the rights accorded by the Administrative Procedure Act ("APA") (Counts I, II, and III). Plaintiff further argued that the decision of the ALJ issued on April 27, 2017 was unsupported by substantial evidence (Count IV). (*Id*. at PAGEID 7-8).

On January 16, 2018, the Court stayed the proceedings pending resolution of the Sixth Circuit's decision in *Hicks*, 909 F.3d 786, "as the issues presented in [plaintiff's] case mirror those presented in *Hicks*." (Doc. 10; *see also* Doc. 18 at PAGEID 929). On November 21, 2018, the Sixth Circuit "concluded [in *Hicks*] that the government's process for redetermining plaintiffs' eligibility for social security benefits was constitutionally and statutorily deficient." *Griffith*, 987 F.3d at 561 (citing *Hicks*, 909 F.3d at 791-92). Following the Sixth Circuit's decision in *Hicks*, the Commissioner filed an unopposed motion for remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 15), which was granted by the Court on August 30, 2019 (Doc. 16).

On October 25, 2019, plaintiff filed a motion for an award of attorney's fees and costs under the EAJA. (Doc. 18). On January 24, 2020, the Commissioner filed a motion to stay the proceedings pending the Sixth Circuit's decision in *Griffith*, 987 F.3d 556. (Doc. 21). *Griffith* was a consolidated appeal from fifty-seven plaintiffs, including the plaintiffs from *Hicks*, resulting from the unanimous denials of their motions for attorney's fees under the EAJA. *Griffith*, 987 F.3d 556. The Court granted the Commissioner's motion to stay and held this matter in abeyance pending resolution by the Sixth Circuit of the EAJA petitions in *Griffith*. (Doc. 22). On February 9, 2021, the Commissioner filed a motion to lift the stay (Doc. 23), which was granted by the Court on April 2, 2021 (Doc. 25). The Court ordered any supplemental briefing by the parties be submitted within twenty days of the date of the Order. (*Id.*).

## II. The parties' arguments

Plaintiff argues that the Court should grant her motion for attorney's fees under the EAJA because plaintiff was the prevailing party, the government's position was not substantially

3

justified, and the requested fees are reasonable. (Doc. 18). Plaintiff contends that the government's position was not substantially justified because the Sixth Circuit in *Hicks* found that the government's process for redetermining benefits was unconstitutional as it violated procedural due process. (Doc. 18 at PAGEID 932-33). Plaintiff also points to the government's motion to remand following the *Hicks* decision as further evidence that the government's position was not substantially justified. (*Id*. at PAGEID 935).

The Commissioner opposes plaintiff's EAJA fee motion, urging the Court to "follow the Sixth Circuit's reasoning in the published decision of *Griffith* and deny Plaintiff's request for EAJA fees in this case." (Doc. 23 at PAGEID 985). Specifically, the Commissioner contends that the Court should deny plaintiff's motion because "[t]he Sixth Circuit [in *Griffith*] agreed with the unanimous district courts that denied fees because the government's position in the [Eric] Conn cases was substantially justified." (*Id*. at PAGEID 984).

Plaintiff argues that the Court should not follow *Griffith* and instead use its "wide zone of discretion that trial judges are vested with when ruling on fee petitions." (Doc. 24 at PAGEID 988).

**III. Law governing attorney fees under the EAJA**

The EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec*., 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United

4

> States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). For a position to be "substantially justified," the United States must show that its position was "'justified in substance or in the main' – that is justified to a degree that could satisfy a reasonable person. In other words, a position is substantially justified if 'a reasonable person could think it correct' and 'it has a reasonable basis in law and fact.'" *Griffith*, 987 F.3d at 563 (internal citation omitted) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988)). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). The "position of the United States" means the position taken by the government in the litigation as well as in the underlying agency action. 28 U.S.C. § 2412(d)(2)(D). The focus is "on the government's position 'as a whole.'" *Griffith*, 987 F.3d at 564 (quoting *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016)). "[T]he government . . . must justify both positions [i.e. the administrative position and the litigation position] to avoid liability for EAJA fees." *Lewis v. Comm'r of Soc. Sec.*, No. 2:12-cv-490, 2014 WL 4794415, at *3 (S.D. Ohio Sept. 25, 2014) (citations omitted). A position "may be 'justified even though it is not correct.'" *Griffith*, 987 F.3d at 563 (quoting *Pierce*, 487 U.S. at 566 n.2).

"When considering whether the government's position is substantially justified, [the Court] focus[es] on the merits of that position. While 'objective indicia' of reasonableness—such as a dissenting opinion, the views of other courts, 'a string of losses', or a 'string of successes'—may be relevant, it is 'the actual merits of the Government's litigating position' that matter most." *Id*. (quoting *United States ex rel. Wall v. Circle C Constr., LLC*, 868 F.3d 466, 471 (6th Cir. 2017)). Further, "[v]oluntary remand does not absolve the Commissioner of the

5

burden of demonstrating substantial justification for her position at the administrative level in order to avoid an EAJA fee award[.]" *Fields v. Comm'r of Soc. Sec.*, No. 16-14189, 2019 WL 1253472, at *4 (E.D. Mich. Jan. 4, 2019), *report and recommendation adopted*, 2019 WL 643188 (E.D. Mich. Feb. 15, 2019) (citing *Lewis*, 2014 WL 4794415; *Li v. Keisler*, 505 F.3d 913, 919-20 (9th Cir. 2007)).

## IV. Analysis

There is no dispute that plaintiff was the prevailing party[1], and the Commissioner did not argue in opposition that the requested fees were unreasonable. The core issue presented by plaintiff's motion, therefore, is whether the Commissioner's position was substantially justified. The Sixth's Circuit's recent decision in *Griffith* is instructive in this regard.

To understand *Griffith*, however, the Court must first look at *Hicks*. *Hicks* was a consolidated appeal initiated by eleven plaintiffs, all former clients of Eric Conn, who alleged that the SSA's procedures and actions in redetermining their benefit eligibility violated the Due Process Clause, the Administrative Procedure Act, and the Social Security Act. *Hicks*, 909 F.3d 786. The Sixth Circuit explained:

> During the redetermination process, the SSA disregarded all medical evidence submitted by the four doctors participating in Conn's scheme on the ground that such evidence was tainted by fraud. Plaintiffs had no opportunity to rebut the agency's assertion of fraud as to this medical evidence. Ultimately, all plaintiffs were deemed ineligible for SSDI and SSI benefits as of the date of their original applications, and their benefits were terminated. After exhausting all administrative remedies, plaintiffs brought suit in federal district court.

---

[1] Plaintiff became the prevailing party when she obtained an order vacating the ALJ's decision and remanding the matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 16). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (Social Security claimant who obtains a Sentence Four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of the EAJA). *See also Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012).

*Id*. at 792. The Court of Appeals in *Hicks* concluded that the SSA's process for redetermining plaintiffs' eligibility for social security benefits was constitutionally and statutorily deficient because "[t]he Due Process Clause of the Constitution and the Administrative Procedure Act required the SSA to allow plaintiffs an opportunity to show why the medical reports uniformly and entirely disregarded in their redetermination proceedings were not, in fact, tainted by fraud." *Id*. at 813.

The Court of Appeals remanded the eleven cases that were consolidated on appeal to three district courts for further proceedings consistent with *Hicks*. Following remand, "those plaintiffs, as well as forty-six other plaintiffs whose cases had been stayed pending a decision in *Hicks*, filed motions for attorney's fees under the [EAJA]. The district courts unanimously denied fees because they concluded that the government's position in the *Hicks* litigation was 'substantially justified.'" *Griffith*, 987 F.3d at 561. All fifty-seven plaintiffs then appealed to the Sixth Circuit arguing that the district courts erred in denying their motions for attorney's fees under the EAJA. The Sixth Circuit, however, affirmed the district courts' denial of plaintiffs' motions for attorney's fees under the EAJA and concluded that the district courts did not abuse their discretion by finding that the SSA's decision not to let claimants challenge its fraud finding was substantially justified. *Id.* at 556. The Court of Appeals found that the government's position in not allowing plaintiffs to challenge the factual finding that fraud had been involved in the creation of the medical reports was "reasonable." *Id*. at 565-68. Further, the Court found that "[t]he government's argument that it had complied with the APA's formal adjudication requirements, or, in the alternative, that it did not have to comply with those requirements, was substantially justified." *Id*. at 568. The Sixth Circuit concluded that in

7

"[l]ooking at the [SSA's] arguments holistically, we hold that the district courts did not abuse their discretion in concluding that the government's position was substantially justified." *Id*. at 571. The Sixth Circuit therefore "affirm[ed] the district courts' denial of plaintiffs' motions for attorney's fees under the EAJA." *Id*. at 574.

Here, plaintiff acknowledges that the issues presented in her case "mirror those in *Hicks*." (Docs. 9, 10; *see also* Doc. 18 at PAGEID 929). As such, *Griffith*'s resolution of whether the Commissioner's position was substantially justified is dispositive. *Griffith* provides a detailed evaluation of the merits of the Commissioner's position, including the arguments relating to due process and the APA, in its finding that the government's position was substantially justified. Plaintiff does not appear to analyze the merits of the *Griffith* decision or provide any reasons why it was wrongly decided.

Rather, plaintiff asks the Court to use its discretion to award fees. (Doc. 24 at PAGEID 988, 990-91). This argument, however, has been rejected: "Although Plaintiff correctly points out that *Griffith* engaged in a deferential review of whether the district court judges had abused their discretion in denying EAJA fees, he makes no other attempt to distinguish the well-reasoned decision set forth by the court." *Tyler J. v. Saul*, No. 17 CV 50090, 2021 WL 825651, at *5 (N.D. Ill. Mar. 4, 2021). Although *Tyler J.* is not binding on this Court, it is nevertheless persuasive.

Moreover, plaintiff presents the Court with numerous out-of-circuit cases, decided before *Griffith*, in support of her motion. (Doc. 24 at PAGEID 990-91). However, it is well-established that "published Sixth Circuit opinions . . . are controlling binding precedent for future Sixth Circuit panels and for all district courts in the circuit." *Chinn v. Jenkins*, No. 3:02-cv-512, 2018 WL 488159, at *4 (S.D. Ohio Jan. 19, 2018). *See also*

8

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) ("Where our circuit has answered the question, the district court is bound by our published authority."); *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001) (citations omitted) ("The prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."); *Hardwick v. 3M Co.*, No. 2:18-cv-1185, 2021 WL 612472, at *6 (S.D. Ohio Feb. 17, 2021) ("When there is binding authority, as is the case here, this Court must follow it.").

The *Griffith* case discussed and rejected each of the arguments made by plaintiff in her motion for attorney's fees. Plaintiff has presented no substantive evaluation or discussion of *Griffith*, and has likewise provided no reason, other than the Sixth Circuit's "limited appellate role" (Doc. 24 at PAGEID 988), as a reason not to follow *Griffith*. The Sixth Circuit "has answered the question" of whether the Commissioner's decision to preclude claimants from challenging the fraud finding in their redetermination proceedings is substantially justified for purposes of attorney fees under the EAJA. *See In re Miedzianowski*, 735 F.3d at 384. Accordingly, consistent with the Sixth's Circuit's decision in *Griffith*, the Court recommends that plaintiff's motion for attorney fees be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for attorney's fees (Doc. 18) be **DENIED**.

Date: 8/10/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMBER TRIPLETT,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:17-cv-618
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation within **FOURTEEN (14) DAYS** after being served with a copy thereof. This period may be extended further by the Court on timely motion by either side for an extension of time. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).